IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–000150–EWN–MJW


MARLA G. SEWELL, individually and as
parent and next friend of Brooke Sewell,

      Plaintiff,

v.

SAFECO INSURANCE COMPANY OF
AMERICA, an insurance corporation,

      Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is an insurance case.  Plaintiff Marla Sewell asserts that Defendant Safeco Insurance

Company of America wrongfully refused to: (1) explain uninsured and underinsured ("UM/UIM")

insurance coverage; and (2) pay uninsured motorist insurance benefits allegedly owed in

connection with the demise of her husband.  Plaintiff's sole remaining claim in the case is that by

failing to explain a change in the law concerning UM/UIM coverage, Defendant violated the

Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6–1–101, *et seq.* (2006).  This

matter is before the court on "Defendant's Motion to Reconsider," filed August 1, 2007.

Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C.A § 1332 (West 2007).

-1-

**FACTS**

The facts of this case are fully set forth in this court's Order and Memorandum of Decision on Defendant's motion for summary judgment, filed July 19, 2007.  (Order and Mem. of Decision [filed July 19, 2007] [hereinafter "Order"].)  Familiarity therewith is therefore assumed.

On December 30, 2005, Plaintiff filed a complaint in the District Court for the City and County of Denver, asserting three claims: (1) breach of insurance contract by failing to pay three times the UM/UIM coverage contemplated in her insurance policy, an amount Plaintiff purported to have constructively purchased; (2) breach of the duty of good faith and fair dealing; and (3) deceptive trade practices in violation of the CCPA.  (Notice of Removal, Ex. C ¶ 7 [Compl.] [hereinafter "Compl."] [filed Jan. 26, 2006].)  Plaintiff sought reformation of the insurance contract to provide treble coverage, compensatory damages, exemplary damages, and non-economic damages.  (*Id.*)  On January 1, 2006, Defendant removed the case to this court.  (*Id.*)

On September 26, 2006, Defendant filed a motion for summary judgment, arguing: (1) it did not breach any contract or duty of good faith because it had no obligation to pay triple the UM/UIM coverage limit contained in Plaintiff's policy; and (2) it did not violate the CCPA because it provided only an "all or none" option for UM/UIM coverage of all automobiles on the policy.  (Def.'s Mem. Br. in Supp. of Mot. for Summ. J. [filed Sept. 26, 2006] [hereinafter "MSJ."].)  On October 20, 2006, Plaintiff responded to Defendant's motion.  (Pls.' [sic] Mem. Br. in Opp'n to Def.'s Mot. for Summ. J. [filed Oct. 20, 2006] [hereinafter "MSJ Resp."].)  In her response, Plaintiff failed to follow this court's practice standards.  (*Id.*)  In its order, the court noted that Plaintiff "did not respond to any of Defendant's proffered statements of fact," as is

required under the practice standards.  (Order at 2 n.1.)  The court found this to be harmless error and decided the motion, because: (1) neither party moved to strike or amend the offending response brief; and (2) in its motion, Defendant "exclusively relie[d] on Plaintiff's deposition testimony and the allegations contained in her complaint."  (*Id.*)  Accordingly, the court deemed Plaintiff to have admitted all the undisputed facts Defendant set forth.  (*Id.*)  On November 14, 2006, Defendant filed a reply in support of its motion.  (Def.'s Reply in Support of Mot. for Summ. J. [filed Nov. 14, 2006].)

On July 19, 2007, this court granted Defendant's motion in part and denied it in part. (Order.)  The court found that Plaintiff was not entitled to reformation to provide for treble UM/UIM coverage, because "[a]s evidenced by the clear language of the [p]olicy, Plaintiff was entitled to only one payment of the $300,000 coverage limit benefits."  (*Id.* at 11.)  Because reformation was improper, and it was undisputed that Defendant had paid the $300,000 coverage limit, the court found that Defendant was entitled to summary judgment on Plaintiff's breach claim.  (*Id.* at 12.)  Under similar logic, the court found that because Plaintiff had not established Defendant should have known it had an obligation to pay more than the $300,000 limit, Defendant was entitled to summary judgment on Plaintiff's claim for breach of the covenant of good faith and fair dealing.  (*Id.* at 13–14.)  Finally, the court found that Defendant was not entitled to summary judgment on Plaintiff's CCPA violation claim, because:

> Defendant ha[d] done little to meet its [summary judgment] burden to establish
> there [was] no evidence suggesting that the failure to disclose that insuring one
> vehicle could provide a level of coverage on all vehicles one owned was: (1) a
> knowing misrepresentation of the standard of UM/UIM coverage; (2) a knowing

misrepresentation of the uses and benefits of such coverage; or (3) any other
iteration of a deceptive trade practice.

(*Id.* at 16–17.)  Defendant challenges this final finding in the motion now before the court.

On August 1, 2007, Defendant filed a motion for reconsideration (#61) under Federal

Rule of Civil Procedure 59(e).  (Def.'s Mot. for Reconsideration [filed Aug. 1, 2007] [hereinafter

"Def.'s Mot."])  Defendant argues it is indeed entitled to summary judgment on Plaintiff's CCPA

violation claim because: (1) Plaintiff failed to follow this court's practice standards in drafting its

response to Defendant's motion for summary judgment; (2) Plaintiff's CCPA claim must fail

because her breach of contract and bad faith claims failed; (3) Plaintiff failed to establish public

impact, which is an essential element to maintain a CCPA claim; and (4) Plaintiff's CCPA claim is

baseless under *Anderson v. State Farm Mutual Insurance Co.*, 416 F.3d 1143 (10th Cir. 2005).

(*Id.*)  On September 4, 2007, Plaintiff responded to the motion.  (Pls.' [sic] Marla Sewell and

Brooke Sewell's Resp. Br. in Opp'n to Def. Safeco Ins. Co.'s Mot. to Reconsider [filed Sept. 4,

2007] [hereinafter "Pl.'s Resp."].)

## ANALYSIS

Defendant expressly bases its motion to reconsider on Federal Rule of Civil Procedure

59(e).  (Def.'s Mot.)  "Although the Federal Rules of Civil Procedure do not explicitly provide for

motions for reconsideration, these motions are normally accepted as the offspring of [Federal

Rule of Civil Procedure] 59(e) which provides that a motion to alter or amend judgment may be

entered within ten days after the entry of the judgment."  *Gregg v. Am. Quasar Petroleum Co.*,

-4-

840 F. Supp. 1394, 1401 (D. Colo. 1991) (citation and internal quotation marks omitted).  A

motion to reconsider is only granted under limited circumstances.  To wit:

> a motion to reconsider would be appropriate where, for example, the [c]ourt has
> patently misunderstood a party, or has made a decision outside the adversarial
> issues presented to the [c]ourt by the parties, or has made an error not of
> reasoning but of apprehension.  A further basis for a motion to reconsider would
> be a controlling or significant change in the law or facts since the submission of the
> issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (citation omitted).  "Such

problems rarely arise and the motion to reconsider should be equally rare."  *Above the Belt, Inc. v.*

*Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), *rev'd on other grounds*, 502

U.S. 1 (1991).  The instant case is clearly not the rare situation the *Above the Belt* court cites.

*See id.*

First, Defendant underscores Plaintiff's failure to follow this court's practice standards in

filing her response to Defendant's motion for summary judgment.  (Def.'s Mot. at 3.)  Defendant:

(1) cites the court's standards for the proposition that "failure to follow these procedures will

result in a order striking the brief or denying the motion of brief;" and (2) asserts that, contrary to

the court's prior observation that Defendant did not move to strike the offending response brief,

Defendant did indeed so request in its reply brief.  (*Id.* at 3–4.)  Defendant's brazen attempt to

obtain summary judgment without providing Plaintiff an opportunity to respond is the very

embodiment of why "civil practice" has become a misnomer in so many cases.  To start,

Defendant fully ignores the requirement that "[a] Rule 59(e) motion to alter or amend the

judgment should be granted only 'to correct manifest errors of law or to present newly discovered

evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 [10th Cir.1992]).  Defendant makes no argument that the court has made any manifest error of law.  At best, Defendant quite brashly argues the court has erred in enforcing *its own standards*.  (Def.'s Mot. at 3–5.)  Even this iteration of Defendant's argument is simply not viable.  In its self-serving partial recitation, Defendant overlooks significant language expressing the timbre and purpose of the standard.  The standard reads, "[f]ailure to follow these procedures will result in an order striking or denying the motion or brief, *and it will have to be resubmitted*."  (Practice Standards — Civil, Special Instructions Concerning Motions for Summary Judgment ¶ 4 [emphasis added].)  As the court previously noted, "Defendant exclusively relie[d] on Plaintiff's deposition testimony and the allegations contained in her complaint" in setting forth its factual allegations in its motion for summary judgment.  (Order at 2 n.1.)  In response, the court implicitly deemed Defendant's allegations admitted, because to imagine Plaintiff denying allegations bolstered by her own statements in her complaint and her own testimony is nonsensical.[1]  (*Id.*)  Indeed, to require Plaintiff to resubmit a brief accepting as true allegations based on her own statements would be almost as great a waste of judicial resources as the efforts this court is needlessly expending on Defendant's motion to reconsider.  The court is utterly flabbergasted at Defendant's position that "Plaintiff accepted Defendant's facts as presented without presenting any of her own."  (Def.'s

---

[1]In fact, in her response to the motion to reconsider, Plaintiff admits the factual allegations Defendant set forth in its motion for summary judgment.  (*See* Pl.'s Resp., Resp. to Statement of Undisputed Material Facts.)

Mot. at 3.)  Nothing on the record shows anything other the court's *agreement* with this assessment.  More importantly, nothing about this assessment serves as a proper ground for reconsideration, much less to grant Defendant summary judgment.

Defendant also argues that the court overlooked its motion to strike Plaintiff's response brief and wrongfully *analyzed* the motion for summary judgment, rather than simply granting it in the absence of a response.  (*Id.* at 4.)  Defendant's argument manifests an unfortunate misunderstanding of civil procedure and a lamentable disregard for principles of equity and law.  First, Defendant's request, contained in its reply brief, that the court "strike or deny" Plaintiff's summary judgment response is plainly not a *motion.*  (*See id.*)  Under this court's local rules, "[a] motion *shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.*"  D.C. COLO.LCivR 7.1(C) (2006) (emphasis added).

But even if it were a motion and, further, even if the court had granted it, Defendant still would not be entitled to summary judgment.  In short, "a party's failure to respond to a motion for summary judgment, in and of itself, is not a legally sufficient basis on which to grant the motion and enter judgment against that party."  *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  When a nonmoving party fails to file a response, it waives the right to respond to facts and arguments the moving party sets forth, but "only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment."  *Id.*  In the instant case, the court found Defendant "ha[d] done little to meet its burden to establish there is no evidence suggesting" it did not employ deceptive trade practices in violation of the CCPA.  (Order at 16.)  Indeed, the court described Defendant's arguments on summary judgment as "very

tragical mirth . . . tedious and brief!" (*Id.* at 15–16 [citing WILLIAM SHAKESPEARE, A MIDSUMMER NIGHT'S DREAM, act 5, sc. 1].) Defendant's motion to reconsider as it relates to Plaintiff's response to the motion for summary judgment is neither a proper subject for a Rule 59 motion nor a sufficient ground for the court to alter its previous order.

Second, Defendant argues that: (1) Plaintiff failed to meet her burden on her CCPA claim, thus Defendant is entitled to summary judgment; and (2) the court's denial of Plaintiff's breach and bad faith claims "automatically necessitates summary judgment as to Plaintiff's CCPA claim." (Def.'s Mot. at 5.) The court disagrees. While it may be true that Plaintiff failed to meet her burden in responding to Defendant's motion, as the court has noted, *Defendant* failed to meet its initial summary judgment burden. (Order at 15–16.) To grant Defendant summary judgment would be to re-write or ignore the Federal Rules of Civil Procedure, which this court is loath to do. Defendant's *non causa pro causa* argument concerning Plaintiff's other claims is similarly unavailing. Indeed, this was the very argument Defendant presented in its summary judgment motion. Defendant previously argued that "[f]or the same reasons that the undisputed evidence demonstrates that [Defendant] did not breach any duty owed to [Plaintiff], [Plaintiff] cannot prove the elements of a claim under the CCPA." (MSJ at 30.) Defendant's repetition of his argument further evinces Defendant's gross misunderstanding of the civil procedure. "A motion to reconsider . . . may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court." *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994). Nonetheless, the court notes that Defendant's argument is as unavailing now as it was on its debut. Now, as before, breach and bad

faith are not elements of a CCPA violation. The claims simply are not interchangeable. By Defendant's logic, it would be fair to convict a simple thief for murder.

Third, Defendant argues that Plaintiff failed to establish public impact — one of the essential elements of a CCPA claim. (Def.'s Mot. at 6–7.) Defendant's argument astounds this court. Why Defendant failed to bring this argument in its motion for summary judgment is positively mystifying. Nevertheless, looking past this utter mystery, it is clear that the argument Defendant now makes is not at all appropriate on a motion to reconsider. Otherwise stated, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Accordingly, Defendant's motion must fail on this ground.

Fourth and finally, Defendant argues Plaintiff's CCPA claim must fail based on the Tenth Circuit's holding in *Anderson*, 416 F.3d at 1143.[2] Defendant's argument requires a bit of unpacking. Until relatively recently, Colorado insurance companies often included "owned but not insured" exclusions, which provided that UM/UIM coverage would not extend to accidents involving any vehicle other than the vehicle or vehicles named in the policy. *See Jaimes v. State*

---

[2]More precisely, Defendant asserts that "as this [c]ourt astutely pointed out," Plaintiff's claim must fail based on *Anderson*. (Def.'s Mot. at 7.) While the court appreciates Defendant's characterization of this court's analytical abilities, it does not abide the mischaracterization of its findings. In the order on Defendant's motion for summary judgment, the court cited *Anderson* and stated that its determination might be different, "had either party definitively established that Plaintiff and Mr. Sewell purchased the Policy before [a case purportedly changing UM/UIM law] was decided, but clarity and specificity elude Plaintiff and Defendant alike." (Order at 16.)

*Farm Mut. Auto Ins. Co.*, 53 P.3d 743, 745 (Colo. Ct. App. 2002).  In other words, the exclusions would prevent an insured from obtaining UM/UIM coverage on all of her vehicles by only purchasing such coverage for one.  *Id.*  In 2001, the Colorado Supreme Court implicitly called such exclusions into question with its decision in *DeHerrera v. Sentry Insurance Co.*, in which the court found that UM/UIM insurance "provides coverage for *persons*; it does not place geographical limits on coverage and does not purport to tie protection against uninsured motorists to occupancy in any kind of *vehicle*."  930 P.3d 167, 175 (Colo. 2001) (emphasis in original).  Subsequently, in *Jaimes*, the Colorado Court of Appeals applied the ruling in *DeHerrera* expressly to void owned but not insured exclusions and held that "the language and purpose of the UM/UIM statute require an insurer to provide UM/UIM benefits to a person insured under the policy when injured in an accident caused by an uninsured or under insured motorist *without regard to the vehicle occupied by the insured at the time of injury*."  53 P.3d at 746 (emphasis in original).

The *Anderson* decision that Defendant now cites involved an individual who purchased an insurance policy before the Colorado Supreme Court issued its decision in *DeHerrera.*  416 F.3d at 1143.  The *Anderson* court ruled that the plaintiff's claims for bad faith breach of contract and CCPA violation were not viable because, based on the facts of the case, the insurer "could not have notified [the plaintiff] of the *DeHerrera* decision when he selected those coverages, because the Colorado Supreme Court had not yet decided *DeHerrera* at the time he made his coverage decisions."  *Id.* at 1146.  In the instant case, it is undisputed that "*DeHerrera* was decided *prior to* Plaintiff purchasing her policy from Defendant."  (Def.'s Mot. at 7 [emphasis added]; *see also*

Pl.'s Resp. at 7.)  Defendant's argument that *Jaimes* had yet to be decided when Plaintiff

purchased her policy from Defendant is equally unavailing, because Plaintiff renewed her policy

after *Jaimes* was decided.[3]  *See Anderson*, 416 F.3d at 1146 (denying claims where individual

neither purchased nor renewed policy after issuance of *DeHerrera* decision).  Thus, even

construing Defendant's motion to reconsider liberally to contain an argument that the court

mistakenly or incorrectly applied *Anderson*, the motion must fail.  The logic of *Anderson* is not

applicable in the instant case, and assuredly cannot justify summary judgment on Plaintiff's CCPA

claim.  The court's order stands.

Based on the foregoing it is therefore ORDERED that Defendant's motion (#61) is

DENIED.

Dated this 6th day of September 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge

---

[3]*Jaimes* was decided in 2002, Plaintiff purchased her policy from Defendant in 2001.  (*See*
Order at 2.)  The policy contemplated a one-year term period.  (MSJ Resp., Ex. 2 at 1
[Renewal].)  Plaintiff maintained the policy through 2004, when the accident at the heart of this
case took place.  (*See id.*)